Charles C. **BARTGES**, Appellant,

v.

E. D. **WOODWORTH**, Deputy Commissioner, United States Department of Labor, Standard Fire Insurance Company, The Railway Express Agency, Inc.

No. 24585.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 16, 1971.

Decided Nov. 1, 1971.

1384

Mr. Joseph H. Koonz, Jr., Washington, D. C., with whom Messrs. Lee C. Ashcraft and Martin E. Gerel, Washington, D. C., were on the brief, for appellant.

Mr. M. S. Mazzuchi, Washington, D. C., for appellees Standard Fire Ins. Co. and The Railway Express Agency, Inc.

Mr. Morton Hollander and Miss Judith Seplowitz, Attys., Department of Justice, entered appearances for appellee Woodworth.

Before BAZELON, Chief Judge, and McGOWAN, Circuit Judge, and GOUR-

LEY,* Senior District Judge for the Western District of Pennsylvania.

GOURLEY, Senior District Judge:

This appeal is from the grant of Motions for Summary Judgment sustaining the denial by the Deputy Commissioner of the United States Department of Labor, Bureau of Employees' Compensation, of claims made pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., as made applicable to the District of Columbia by the Act of May 17, 1928, 45 Stat. 600, D.C.Code 36–501.

The Deputy Commissioner rejected the claim that appellant sustained a ruptured disc while employed as a freight handler by the Railway Express Agency, Inc. on February 13 and 14, 1967 when his duties required the loading of freight car boxes weighing between 50 to 70 pounds. The Deputy Commissioner's rejection of the claim was based on the following reasons:

1. failure to establish that the injury was sustained on the dates alleged;

2. failure to give written notice of the injury to the employer or Deputy Commissioner within thirty days;

3. failure to establish a causal relationship between the injury and the appellant's employment.

What the foregoing reasons fail to establish, however, is whether the Deputy Commissioner gave proper consideration to the possibility that appellant's failure to give timely notice as required by statute was excusable "for some satisfactory reason." [1]

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1964).

1. Section 12(d) of the Longshoremen's Act, 33 U.S.C.A. § 912, provides:

"(d) Failure to give such notice shall not bar any claim under this chapter (1) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the deputy commissioner de-

termines that the employer or carrier has not been prejudiced by failure to give such notice, or (2) *if the deputy commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given;* nor unless objection to such failure is raised before the *deputy commissioner* at the first hearing of a claim for compensation in respect of such injury or death." (Emphasis added.)

In order that such a determination be made, we remand to the District Court with instructions to direct the Deputy Commissioner to determine whether any basis for excusing the failure to give timely notice exists. Thereafter, the District Court may make proper disposition of the Motions for Summary Judgment.

So ordered.