Luis A. JIMENEZ, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

Appeal of CAPITOL PAVING OF D.C.,
INC. and The PMA Group, Intervenors
and Cross–Petitioners.

Nos. 96–AA–790, 96–AA–899.

District of Columbia Court of Appeals.

Argued June 5, 1997.

Decided Oct. 9, 1997.

W. Scott Funger, Washington, DC, for pe-
titioner.

Geoffrey S. Gavett, Rockville, MD, with
whom Michael L. Mallow was on the brief,
for the intervenors and cross-petitioners.

Jo Anne Robinson, Interim Corporation
Counsel at the time the statement was filed,
and Charles L. Reischel, Deputy Corporation
Counsel, Washington, DC, filed a statement
in lieu of brief, for respondent.

Before STEADMAN and KING, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Petitioner Jimenez seeks review of a decision of the District of Columbia Department of Employment Services that his failure to provide his employer with timely notice of work-related injuries barred his claim for income replacement benefits under the Workers' Compensation Act.[1] He contends the agency erred in finding that his notice was untimely and, in the alternative, contends the agency failed to determine whether he qualified for statutory exceptions excusing late notice. The employer, Capitol Paving of D.C., Inc., and its insurer, The PMA Group, argue that the agency erred in concluding that Jimenez's failure to give timely notice did not bar his claim for medical benefits. We conclude that the finding that Jimenez failed to give timely notice is supported by substantial evidence, but we must remand the case because the agency failed to determine whether the untimely notice was excused for "some satisfactory reason." D.C.Code § 36–313(d)(2) (1997). Accordingly, we do not reach the employer-insurer's question whether unexcused, untimely notice bars a claim for medical benefits.

## I.

Jimenez is an immigrant whose formal education ended in the third grade in El Salvador. In 1988, he began working for Capitol Paving of D.C., Inc. As a cement finisher, his duties required him to work on his knees performing repetitive, circular arm movements.

After suffering increasing pain in his knees and right shoulder, Jimenez sought treatment from Dr. Paul, an orthopedic surgeon, on July 6, 1994. Dr. Paul diagnosed what the Hearing Examiner later described as a "cumulative traumatic injury" to appellant's knees and right shoulder as a result of his work duties. Dr. Paul operated on Jimenez in July, August, and September of 1994.

Although the surgeries significantly improved Jimenez's condition, the doctor's prognosis included the anticipation of some future pain from normal activities. The doctor also imposed work restrictions that precluded Jimenez from returning to his profession as a cement finisher. Jimenez eventually filed a claim for compensation.

The Hearing Examiner denied Jimenez's claim for income replacement benefits, but ordered the employer-insurer to pay causally related medical expenses, including vocational rehabilitation. The Hearing Examiner concluded that Jimenez's failure to notify his employer within thirty days of July 6, 1994, the date of his first visit to Dr. Paul, barred his claim for income benefits. See D.C.Code § 36–313(a) (1997). The Hearing Examiner also concluded that Jimenez's claim for medical benefits was a distinct claim, see *Santos v. District of Columbia Dep't of Employment Servs.*, 536 A.2d 1085, 1089 n. 6 (D.C.1988), that was not time barred, and ordered the employer/insurer to provide medical services pursuant to D.C.Code § 36–307(a) (1997).

Jimenez filed a petition for review of the provision of the Hearing Examiner's decision barring his claim for income benefits. The employer-insurer filed a cross-petition for review of the provision of the Hearing Examiner's decision providing medical benefits. When the Director did not respond within forty-five days, the agency adopted the Hearing Examiner's decision as required by D.C.Code § 36–322(b)(2) (1997). Both parties sought judicial review. See D.C.Code § 36–322(b)(3) (1997); *Joyner v. District of Columbia Dep't of Employment Servs.*, 502 A.2d 1027, 1029 (D.C.1986).

## II.

The District of Columbia Administrative Procedures Act requires that the agency's decision in this case include "a concise statement of the conclusions upon each contested issue of fact." D.C.Code § 1–1509(e) (1992). Furthermore, these findings and conclusions must be supported "by substantial evidence in the record." D.C.Code § 1–1510(a)(3)(E) (1992). We have refashioned these requirements into a three-part test for judicial review: "(1) the decision must state findings of

---

1. The District of Columbia Workers' Compensation Act, D.C.Code §§ 36–301 to –345 (1997).

fact on each material, contested factual issue; (2) those findings must be based on substantial evidence; and (3) the conclusions of law must follow rationally from the findings." *Colton v. District of Columbia Dep't of Employment Servs.*, 484 A.2d 550, 551–52 (D.C. 1984) (quoting *Perkins v. District of Columbia Dep't of Employment Servs.*, 482 A.2d 401, 402 (D.C.1984)).

## A.

■ The agency's explicit findings are supported by substantial evidence. *See Dell v. Department of Employment Servs.*, 499 A.2d 102, 108 (D.C.1985). The agency found that Jimenez was aware of the relationship between his injuries and his employment on July 6, 1994. Jimenez testified that he visited the doctor on July 6, 1994, for treatment of the pain in his knees and shoulder. He further admitted on cross-examination that he knew that his work activities were aggravating the pain. Thus, Jimenez's own testimony provides substantial evidence supporting the agency's finding. *See Teal v. District of Columbia Dep't of Employment Servs.*, 580 A.2d 647, 651 (D.C.1990).

■ Although the agency did not make a factual finding as to precisely when Jimenez provided notice to his employer of his work-related injuries, it did find that Jimenez failed to provide notice within thirty days of July 6, 1994. Jimenez's only argument to the contrary is that an interrogatory answer by Capitol Paving is an admission of notice on July 20, 1994. We disagree. The interrogatory answer, which reads "claimant informed Capitol Paving of D.C., Inc., on or about July 20, 1994, that he would be seeking medical leave for corrective surgery to his knees," does not establish that the employer had

notice that Jimenez's injury was work-related. Moreover, the admission does not establish that Jimenez complied with the requirements of D.C.Code § 36–313(b) & (c) (1997) that the notice "shall be in writing" and shall provide additional information such as "a statement of the time, place, nature, and cause of the injury." [2] Thus, the interrogatory admission does not constitute notice pursuant to D.C.Code § 36–313(a) (1997),[3] and the finding that Jimenez did not notify his employer within thirty days of July 6, 1994, is supported by substantial evidence.

Given these findings, it rationally follows that Jimenez failed to give timely notice to his employer within thirty days, as required by D.C.Code § 36–313(a) (1997). However, the conclusion that a claimant failed to give timely notice does not end the inquiry.

## B.

The statute provides exceptions to the requirement of timely notice:

(d) Failure to give such notice shall not bar any claim under this chapter:

(1) If the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and its relationship to the employment and the Mayor determines that the employer or carrier has not been prejudiced by failure to give such notice; or

(2) If the Mayor excuses such failure on the ground that for some satisfactory reason such notice could not be given; or unless objection to such failure is raised before the Mayor at the 1st hearing of a

---

2. D.C.Code § 36–313(b) & (c) read, in pertinent part:

(b) Such notice shall be in writing, shall contain the name and address of the employee and a statement of the time, place, nature, and cause of the injury or death, and shall be signed by the employee or by some person on his behalf. . . .

(c) Notice shall be given to the Mayor by delivering it to him or sending it by mail to him, and to the employer by delivering to him or by sending it by mail addressed to him at his last known place of business.

3. D.C.Code § 36–313(a) (1997) states:

Notice of any injury or death in respect of which compensation is payable under this chapter shall be given within 30 days after the date of such injury or death, or 30 days after the employee or beneficiary is aware or in the exercise of reasonable diligence should have been aware of a relationship between the injury or death and the employment. Such notice shall be given to the Mayor and to the employer.

claim for compensation in respect of such injury or death.

D.C.Code § 36–313(d) (1997).

■ In this case, the Hearing Examiner noted that, "a claimant must provide employer with either actual (i.e. oral) or formal (i.e. written) notice of injury within thirty (30) days of its occurrence or of claimant's awareness of the relationship between the injury and his employment." Compensation Order 5. The Examiner then reached the conclusion that, "Based upon the requirements set forth in the D.C.Code, as amended, § 36–313 as applied to the foregoing facts, as were found, it was determined that claimant failed to notify employer of his injury within the statutory thirty (30) day time limit." *Id.*

Formal/written notice, set out in § 36–313(a)–(c) must be made with adherence to several delineated formalities. See *supra* note 2. The only statutory reference to actual/oral notice is in § 36–313(d)(1), one of the excuse provisions. The examiner's reference to actual/oral notice, therefore, leads to the conclusion that she considered and rejected appellant's possible excuse under the actual notice provision of subsection (d)(1).

At no point in the decision, however, does the examiner consider § 36–313(d)(2) which excuses untimely notice, "If the Mayor excuses such failure on the ground that for some satisfactory reason such notice could not be given. . . ." [4]

■ "If the agency fails to make a finding on a material, contested issue of fact, this court cannot fill the gap by making its own determination from the record, but must remand the case for findings on that issue." *Nursing Servs., Inc. v. District of Columbia*

*Dep't of Employment Servs.,* 512 A.2d 301, 303 (D.C.1986) (quoting *Colton, supra,* 484 A.2d at 552). While this court has not had occasion to remand for findings on whether late notice was excused under the District of Columbia Workers' Compensation Act,[5] the federal practice, as an illustration, is to remand cases that lack findings on a substantially similar provision in the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 912(d) (1994) (LHWCA). *See Bartges v. Woodworth,* 147 U.S.App. D.C. 51, 452 F.2d 1383 (1971) (Case remanded to allow consideration of the possibility that appellant's failure to give timely notice was excusable "for some satisfactory reason."); *Sun Shipbuilding & Dry Dock Co. v. Walker,* 590 F.2d 73, 77 (3d Cir.1978) (Where ALJ reached inappropriate conclusion as to subsection (d)(1) that precluded analysis under subsection (d)(2), case remanded, "in order that the claimant be permitted an opportunity to offer an excuse."); *Jasinskas v. Bethlehem Steel Corp.,* 735 F.2d 1, 5 (1st Cir.1984) (Case remanded to allow ALJ opportunity to consider excuse under subsection (d)(2). Citing *Bartges* and *Sun Shipbuilding, supra* ). This procedure commends itself as well to the factual situation here presented to us.

■ In applying the statute to this case, we are keenly aware of the familiar principle that workers' compensation laws are to be "liberally construed for the benefit of the employee." *Harris v. Office of Worker's Comp.,* 660 A.2d 404, 408 (D.C.1995) (quoting *Railco Multi–Constr. Co. v. Gardner,* 564 A.2d 1167, 1169 (D.C.1989)). "Doubts, including the factual, are to be resolved [in the

---

4. Alternatively, to the extent that the agency opinion could be interpreted as categorically foreclosing the exceptions in D.C.Code § 36–313(d) (1997) it is not "in accordance with law." D.C.Code § 1–1510(a)(3)(A) (1992); *see Madison Hotel v. District of Columbia Dep't of Employment Servs.,* 512 A.2d 303, 306–07 (D.C.1986) (recognizing the excuse exception in § 36–313(d)(1) (1997) and that an agency decision may not stand if it represents a material misconception of the law).

5. This court has had occasion to review the application of the statutory exceptions after the agency has made a finding. *See Howrey & Si-*

*mon v. District of Columbia Dep't of Employment Servs.,* 531 A.2d 254, 255 (D.C.1987) (accepting the agency's interpretation that § 36–313(d)(1) & (2) contains two distinct grounds for excuse and affirming a decision invoking the former); *Madison Hotel, supra* note 4, 512 A.2d at 307 (recognizing the excuse exception in § 36–313(d)(1) and reversing its application to the facts); *Teal, supra,* 580 A.2d at 652 (denying an excuse for legal incompetence under § 36–313(d)(2) on the facts, but "not foreclos[ing] the possibility that other claimants, unlike Mr. Teal, may adduce substantial evidence" to excuse failure to "give timely notice of an injury to an employer").

employee's favor.]" *Id.* (quoting *J.V. Vozzolo, Inc. v. Britton*, 126 U.S.App. D.C. 259, 262, 377 F.2d 144, 147 (1967)).

Thus, we remand [6] the proceeding for the agency to determine whether Jimenez's failure to give timely notice pursuant to D.C.Code § 36–313(a)–(c) (1997) is excused under D.C.Code § 36–313(d)(2) (1997) and then enter appropriate findings and conclusions.

*So ordered.*

---

6. Because we remand for further fact-finding to determine whether Jimenez's claim is time-barred, we do not reach the question whether the agency erred in concluding that failure to provide notice pursuant to D.C.Code § 36–313 (1997) does not bar medical services pursuant to D.C.Code § 36–307 (1997). *See Santos, supra,* 536 A.2d 1085, 1089 n. 6. We note that if the agency finds on remand that Jimenez's untimely notice was not excused, then the Director will have a second opportunity to provide an "authoritative interpretation" on this important question of statutory interpretation. *See Mushroom Transp. v. District of Columbia Dep't of Employment Servs.,* 698 A.2d 430, 431 (D.C.1997).