**Bonnie MURCHISON, Appellant,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF PUBLIC WORKS, Appellee.**

**No. 00–CV–200.**

District of Columbia Court of Appeals.

Submitted Dec. 16, 2002.

Decided Dec. 31, 2002.

Bonnie Murchison, pro se.

Robert R. Rigsby, Corporation Counsel at the time the brief was filed, with whom Charles L. Reischel, Deputy Corporation Counsel, and Sheila Kaplan, Assistant Corporation Counsel, were on the brief for appellee.

Before FARRELL and GLICKMAN, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

The Office of Employee Appeals (OEA) reversed a decision of the District of Columbia Department of Public Works terminating Bonnie Murchison's employment because of her unexcused absences from work. The Department appealed to the Superior Court, which reversed the OEA and reinstated Murchison's termination. Murchison appeals that decision to this court. We reverse and remand for further factual findings by the OEA.

## I.

Murchison was employed by the Department of Public Works as a clerical assistant. The Department decided to remove her from its service because she was absent from work without leave for seven consecutive weeks. After an evidentiary hearing, an OEA administrative judge reversed the Department on the ground that Murchison's absence was excused by illness. According to her written decision, the administrative judge credited Murchison's testimony that a certain "smell in the air" at her workplace, wafting over from a nearby sewage treatment plant, exacerbated her chronic sinusitis (i.e., inflammation of a nasal sinus) and caused her to experience nausea and dehydration. The administrative judge found that Murchison had corroborated her testimony with reports from her physician verifying that he had examined her for sinusitis on two occasions during the period she was absent from work. On the Department's petition for review, the full OEA affirmed. While it agreed with the Department's position that an illness must be incapacitating to excuse

an extended absence from work without leave,[1] the OEA nonetheless deemed it sufficient that Murchison proved that she had "a legitimate medical illness."

The Department appealed to the Superior Court. *See* D.C.Code § 1–606.3(d) (1999)[2] and Super. Ct. Agency Rev. R. 1.[3] The court reversed because the administrative record before it contained no substantial evidence and no finding that Murchison's aggravated sinus condition was so debilitating that it prevented her from performing her clerical duties.

## II.

■ Although the initial review of the OEA's decision was in Superior Court, on appeal our scope of review is "precisely the same" as in administrative appeals that come to us directly. *Stokes v. District of Columbia*, 502 A.2d 1006, 1010 (D.C.1985). To pass muster, an administrative agency decision must state findings of fact on each material, contested factual issue; those findings must be supported by substantial evidence in the agency record; and the agency's conclusions of law must follow rationally from its findings. *See Jimenez v. District of Columbia Dep't of Employment Servs.*, 701 A.2d 837, 838–39 (D.C.1997); D.C.Code §§ 2–509(e), –510(a)(3) (2001). Judicial review is limited to the administrative record.

■ We have no hesitation in agreeing with the Department of Public Works and the Superior Court that, in the administrative record now before us, substantial evidence is lacking to support any finding

---

1. For this proposition the OEA cited its prior decision in *Akinde v. Department of Human Services,* OEA Matter No. 1601–0204–91 (March 24, 1995).

2. Recodified as D.C.Code § 1–606.03(d) (2001).

3. Rule 1(g) provides that the court "shall base its decision exclusively upon the administrative record and shall not set aside the action of the agency if supported by substantial evidence in the record as a whole and not clearly erroneous as a matter of law."

that Murchison was incapacitated by her sinus condition. The physician's reports that Murchison submitted did not address the severity of her sinusitis or the extent to which it was exacerbated by her working conditions. While Murchison's physician recommended that she "avoid dust/fumes and respiratory irritants," he also pronounced her able to return to duty and stated that he was "uncertain" whether she had a work-related disability. More than this was called for to excuse seven weeks of absence without leave.

The record before us is incomplete, however. The OEA administrative judge based her decision primarily on Murchison's testimony, not on Murchison's medical reports. But no transcript or comprehensive summary of Murchison's testimony is included in the record. The Department's brief informs us that, for whatever reason, the evidentiary hearing in this case was not transcribed. Without a transcript, we cannot say that Murchison failed to offer credible evidence that she was incapacitated for several weeks (unlikely as that perhaps may seem). Hence we are in no position to decide whether the OEA determination was supported by substantial evidence or not. We are at a loss to understand how the Department could ask the Superior Court or this court to overturn an administrative agency decision for lack of substantial evidence without proffering for judicial consideration the evidence on which the agency relied.

Although we cannot affirm the Superior Court's ruling, we cannot reinstate the OEA's decision either. The OEA determined only that Murchison did suffer from what it called "a legitimate medical illness." As the Superior Court stated, neither the administrative judge nor the full OEA made findings on what all agreed was the key factual issue—whether and to what extent Murchison's sinusitis was so severe that for seven weeks it was actually disabling. When an administrative body fails to make findings on material, contested issues of fact, a reviewing court cannot fill in the gap and make its own findings. Rather, the court must remand the case to the agency for it to make the necessary factual determinations. See *Jimenez*, 701 A.2d at 840. We follow that course here.

We return this case to the Superior Court with directions to remand it to the OEA for that body to make specific factual findings regarding whether, and to what extent, Murchison was incapacitated by her sinus ailments and unable to work at her job during her seven week absence without leave. Once such findings are made, and a final OEA decision is rendered thereon, the losing party may, if so advised, challenge the findings for lack of substantial evidence to support them. In doing so, that party would be well advised to procure the transcript of the testimony on which the OEA relies.

*So ordered.*