SAFEWAY STORES, INC., Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent.

Wanda McIntyre, Intervenor.

No. 03–AA–4.

District of Columbia Court of Appeals.

Argued Sept. 16, 2003.
Decided Oct. 2, 2003.

John F. Ward, with whom Melissa Lin Klements, was on the brief for petitioner.

Matthew Peffer for intervenor.

Arabella Teal, Interim Corporation Counsel at the time the statement was filed, and Charles L. Reischel, Deputy Corporation Counsel at the time the statement was filed, and William J. Earl, Assistant Corporation Counsel, filed a statement in lieu of brief for respondent.

Before REID, Associate Judge, and NEWMAN and NEBEKER, Senior Judges.

NEWMAN, Senior Judge:

On this appeal we are required to determine whether the Director of the Department of Employment Services (DOES) erred in deciding that the failure of Wanda McIntyre (Employee) to give timely notice to her employer, Safeway Stores, Inc. (Employer), of a work related injury—as required by D.C.Code § 32–1513 of the District of Columbia Workers' Compensation Act of 1979 (the Act), D.C.Code § 32–1501 *et seq.* (2001)—did not bar the employee's claim for causally related medical benefits pursuant to D.C.Code § 32–1507 (2001). Given our duty to defer to the Director's construction of the provisions at issue, we affirm.

McIntyre filed a claim for compensation benefits, pursuant to the provisions of the Act, after sustaining a cumulative or repetitive trauma injury to her left index finger resulting from her duties as a food clerk/checker for the employer. On August 1, 2000, a DOES Administrative Law Judge held an evidentiary hearing to consider the extent of McIntyre's entitlement to temporary total disability benefits and causally related medical expenses. On March 29, 2001, the ALJ issued an order denying McIntyre's claims for disability benefits, as well as medical expenses, on the basis that she had failed to provide timely notice of the injury to the employer or to satisfy the statutory requirements to excuse her late notice, pursuant to § 32–1513 of the Act.[1]

In response to the adverse determination, McIntyre filed an application for review with the Director of the DOES in which she argued that the employer had "actual notice" of her injury or, in the alternative, that her untimely notice of injury to the employer barred only her claim for disability or wage loss but did not bar her claim for causally related medical expenses. The director concluded that the employer did not have "actual notice" of McIntyre's injury, thereby affirming the finding of untimely notice, but agreed that the claim for causally related medical expenses was not barred by the untimely notice and thus remanded the case to the Office of Hearings and Adjudication (OHA) for further findings on that issue.

On October 18, 2002, the ALJ issued a compensation order on remand that, in accordance with the findings of the Director, ordered the employer to provide McIntyre with medical expenses causally related to the work injury. Thereafter, the employer filed an application for review of the compensation order on remand with the Director. The Director did not issue a final opinion within forty-five days, rendering the compensation order on remand a "final decision for purposes of appeal," pursuant to D.C.Code § 32–1522(b)(2) (2001). The employer now petitions for review of the final compensation order on remand granting McIntyre causally related medical expenses irrespective

---

1. A claim is not barred for failure to give timely notice:

    (1) If the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and its relationship to the employment and the Mayor determines that the employer or carrier has not been prejudiced by failure to give such notice; or

    (2) if the Mayor excuses such failure on the ground that for some satisfactory reason such notice could not be given; or unless objection to such failure is raised before the Mayor at the 1st hearing of a claim for compensation in respect of such injury or death.

D.C.Code § 32–1513(d) (2001).

of her untimely notice of injury to the employer.

■ In reviewing an administrative agency's construction of a statute, we "accord great deference to the interpretation of the agency charged with its administration, particularly if the interpretation is of long standing and has been consistently applied. *Immigration & Naturalization Serv. v. Cardoza Fonseca,* 480 U.S. 421, 445–46, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *North Haven Bd. of Educ. v. Bell,* 456 U.S. 512, 102 S.Ct. 1912, 72 L.Ed.2d 299 (1982). Less deference is appropriate where the interpretation lacks these attributes." *Atwater v. District of Columbia Dep't of Consumer & Regulatory Affairs,* 566 A.2d 462, 468 (D.C.1989).

Alternatively, as we have said on another occasion, "an agency's interpretation becomes of controlling weight unless it is plainly erroneous or inconsistent with the [statute] ...." *Dell v. Dep't of Employment Servs.,* 499 A.2d 102, 106 (D.C.1985) (citing *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)); *accord Hughes v. District of Columbia Dep't of Employment Servs.,* 498 A.2d 567, 570 (D.C.1985); *Weaver Bros. v. District of Columbia Rental Hous. Comm'n,* 473 A.2d 384, 388 (D.C.1984). It is to this deferential task that we now turn.

■ In order to receive compensation under the Act an employee must comply with the requirements of D.C.Code § 32–1513(a) (2001), which provides in pertinent part:

Notice of any injury or death in respect of which compensation is payable under this chapter shall be given within 30 days after the date of such injury or death, or 30 days after the employee or beneficiary is aware or in the exercise of reasonable diligence should have been aware of a relationship between the injury or death and the employment. Such notice shall be given to the Mayor and to the employer.

D.C.Code § 32–1513(a) (2001). This subsection requires only that an employee provide "notice of any injury or death in respect of which compensation is payable...." *Id.* Therefore, the Director must determine whether causally related medical expenses are considered "compensation" for the purposes of this notice provision of the statute.

The statute defines compensation as "the money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeral benefits provided herein." D.C.Code § 32–1501(6) (2001). Medical expenses are separately defined in the D.C.Code, which states in pertinent part:

The employer shall furnish such medical, surgical, vocational rehabilitation services, including necessary travel expenses and other attendance or treatment, nurse and hospital service, medicine, crutches, false teeth or the repair thereof, eye glasses or the repair thereof, artificial or any prosthetic appliance for such period as the nature of the injury or the process of recovery may require.

D.C.Code § 32–1507(a) (2001). Under our Workers' Compensation Act we have held that "medical benefits are not subject to the same limitations as are disability income benefits...." *Santos v. District of Columbia Dep't of Employment Servs.,* 536 A.2d 1085, 1089 n. 6 (D.C.1988). Based upon the language of the Act we held that there was no indication that the legislature intended to "limit the employer's liability for medical services and supplies to the period of time during which the injured employee receives disability income compensation," *id.,* but rather that

the right to medical expense are to be addressed "separate and distinct from the right to income benefits." *Santos, supra* at 1089 n. 6; *see also*, 2 A. LARSON, THE LAW OF WORKMENS' COMPENSATION § 61.11(b), at 10–773 (1987).

■ The construction which *Santos* gave to the District of Columbia statute is in accord with the construction which the Supreme Court has given to the Longshore and Harbor Workers' Act[2] (Longshore Act), the statute after which the D.C. Workers' Compensation Act is modeled. In *Marshall v. Pletz*, 317 U.S. 383, 390, 63 S.Ct. 284, 87 L.Ed. 348 (1943), the Supreme Court held that "the furnishing of medical aid is not the payment of compensation...." Decisions construing the Longshore Act are persuasive authority in construing our statute since it was modeled after the Longshore Act. *Joyner v. District of Columbia Dep't of Employment Servs.*, 502 A.2d 1027 (D.C.1986).

We have declined a prior opportunity to decide the issue here presented on the grounds that it was not "ripe" for decision by this court. *Jimenez v. District of Columbia Dep't of Employment Servs.*, 701 A.2d 837 (D.C.1997). In *Jimenez*, the employee sought review of the Director's decision that "his failure to provide his employer with timely notice of work-related injuries barred his claim for income replacement benefits under the Workers' Compensation Act." *Id.* at 838. He contended that his notice was in fact timely. In the alternative, he argued that the Director erred in failing to determine whether his failure to give notice fit into a statutory exception to the "failure to give notice bar" then provided by D.C.Code § 36–313(d)(2) (1997). We agreed with Jimenez that the Director erred in failing to consider the exceptions to the "failure to give notice bar." We reversed and re-

manded. Doing so, we declined to consider the challenge to the Director's decision raised by Jimenez's employer on its cross-appeal contending the Director erred in ruling that Jimenez's claim for medical benefits pursuant to the Act were not barred by the "failure to give notice bar." We said:

> Because we remand for further fact-finding to determine whether Jimenez's claim is time-barred, we do not reach the question whether the agency erred in concluding that failure to provide notice pursuant to D.C.Code § 36–313 (1997) does not bar medical services pursuant to D.C.Code § 36–307 (1997). *See Santos, supra*, 536 A.2d 1085, 1089 n. 6. We note that if the agency finds on remand that Jimenez's untimely notice was not excused, then the Director will have a second opportunity to provide an "authoritative interpretation" on this important question of statutory interpretation. *See Mushroom Transp. v. District of Columbia Dep't of Employment Servs.*, 698 A.2d 430, 431 (D.C.1997).

*Id.* at 841 n. 6.

Consistent with the rationale of our decision in *Santos*, as buttressed by Larson and the construction of the federal Longshore statute by the Supreme Court in *Marshall v. Pletz, supra*, in *Johnson v. Washington Metropolitan Area Transit Auth.*, Dir. Dkt. No. 96–35 (1996), the Director affirmed a Hearing Examiner's compensation order awarding "reasonably related medical expenses" although the employee was precluded from receiving a scheduled award for compensation due to untimely notice to the employer. In *Washington v. Pro–Football, Inc.*, Dir. Dkt. No. 98–37 (1999), making reference to *Santos*, the Director again held that medical expenses were payable although "com-

---

**2.** Longshore and Harbor Workers' Compensa- tion Act, 33 U.S.C.S. §§ 901 *et. seq.* (1982).

pensation" was barred due to the untimely notice. Later, in *Gray v. Washington Nursing Facility,* Dir. Dkt. No. 02–14 (2002), the Director reaffirmed the prior holdings of *Johnson v. Washington Metropolitan Area Transit Auth.* and *Washington v. Pro–Football* saying:

> Nevertheless, as was discussed in Washington [Dir. Dkt. No. 98–37], supra, but for attending to the employer's business, the employee would not have sustained a work injury and, pursuant to the Act, the injured employee's remedies against the employer for a work injury and related expenses are limited to those delineated in the Act. Hence, the claimant herein is entitled to the payment of causally related medical expenses.

*Id.* at 5, *accord Square v. Holiday Inn,* Dir. Dkt. No. 01–41 (2002).

Like the Director, we are mindful of the principle that workers' compensation statutes are to be "liberally construed for the benefit of the employee." *Jimenez, supra,* 701 A.2d at 840 (quoting *Railco Multi–Constr. Co. v. Gardner,* 564 A.2d 1167, 1169 (D.C.1989)). Doubts about law or facts are generally to be resolved in the employee's favor. *J.V. Vozzolo v. Britton,* 126 U .S.App. D.C. 259, 262, 377 F.2d 144, 147 (1967) (*quoted with approval in Jimenez, supra,* 701 A.2d at 840)).

In light of these controlling principles and given the deference we owe to the statutory construction of the Director, we affirm the Director's decision that claims for causally related medical expenses are not barred by the failure of the employee to give the notice required by D.C.Code § 32–1513 (2001).

*Affirmed.*