**Slatel DILLON, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**District of Columbia Water and Sewer Authority**

**and**

**PMA Management Corporation, Intervenors.**

**No. 05–AA–1249.**

District of Columbia Court of Appeals.

Argued Nov. 17, 2006.

Decided Dec. 14, 2006.

Jonathan L. Gould, Hartford, CT, for petitioner.

Douglas A. Datt, Rockville, MD, for intervenors.

Robert J. Spagnoletti, Attorney General for the District of Columbia at the time the briefs were filed, and Edward E. Schwab, Deputy Attorney General, filed a statement in lieu of brief for respondent.

Before FARRELL, RUIZ, and FISHER, Associate Judges.

FARRELL, Associate Judge:

This petition for review is from a decision and order of the Department of Employment Services (DOES) Compensation Review Board (the CRB or Board)[1] upholding an Administrative Law Judge's denial of workers' compensation to petitioner on the ground that he failed to give timely notice of his work-related injury. *See* D.C.Code §§ 32–1513(a)–(d) (2001). For the reasons that follow, we remand the case to DOES for consideration by the ALJ of a portion of the testimony he did not address and of a document he erroneously excluded.

## I.

Petitioner (hereafter Dillon) injured his lower back while trying to lift a motor during his work as an electric repair mechanic with the District of Columbia Water and Sewer Authority (WASA). The date of the injury was September 16, 2003. When Dillon subsequently sought compensation for the injury, WASA resisted payment on grounds that have since narrowed to one: Dillon had failed to notify the employer of his injury within the thirty days and in the manner required by § 32–1513(a) & (b), and WASA had not otherwise acquired knowledge of the injury within that time. Section 32–1513(d)(1). At an evidentiary hearing before an ALJ, Dillon testified, first, that he had informed both his WASA supervisor, Asa Chapman, and a WASA risk management analyst, Tonya Deleon, of the injury and its work-relatedness within thirty days of September 16. The ALJ, however, discredited Dillon's testimony on that point, and in this court Dillon does not take issue with that finding. *See* Br. for Pet. at 15 ("As he had authority to do, the ALJ credited [Chapman's and Deleon's] testimony that Dillon did not give them timely notice over Mr. Dillon's testimony that he had."). But Dillon also testified that he had told another of his supervisors, Terrence Rigby, about the injury:

A. I went back to the job, saw my regular supervisor at that time, who had came back from vacation, when he saw—when I filled out the leave slip at that time, he specifically asked me, why am I filling out sick leave injured on the job or incapacitated due to injury and I mentioned to him what had happened. He told me that at that time, that was none of his business.

1. The CRB provides administrative review of orders granting or denying workers' compensation. *See* D.C.Code §§ 32–1521.01, –1522 (2001).

Q. And who's speaking at this point?

A. Terrence Rigby ... my original supervisor.

Q. Is he on the same level as Mr. Chapman?

A. Then, yes, now he's not.

The ALJ made no finding with respect to this testimony; indeed, he did not mention it. On review, the CRB likewise made no reference to it.

After Dillon and WASA had each called all of their witnesses, Dillon was allowed to resume the stand in rebuttal, and his attorney sought to question him about a leave slip that Dillon had submitted in October (apparently within thirty days of the injury) which bore a handwritten comment by Chapman and his signature and which, according to Dillon, reflected knowledge of the injury and its job-relatedness on WASA's part. However, the ALJ excluded the leave slip as evidence because Dillon had not confronted Chapman with it during his testimony (i.e., had not "impeach[ed]" him with it) and because Dillon could not proffer sufficiently how the contents of the slip "undercut[ ] Mr. Chapman's testimony that he had no discussions about Mr. Dillon's condition ... prior to

November of 2003," well beyond the thirty-day limit.

Following the hearing, the ALJ found that Dillon had not given WASA timely notice of the injury as required,[2] and thus rejected his claim for benefits. The CRB affirmed. It upheld exclusion of the leave slip as notice, ultimately on the ground that it did not contain the specific information required by § 32–1513(b). And it concluded generally that "substantial evidence ... supports the ALJ's [finding] of untimely notice." In so concluding, the Board rejected Dillon's invocation of a statutory presumption of timely notice, see D.C.Code § 32–1521(2), explaining that "neither the Court of Appeals, the Director [of DOES], nor the CRB has interpreted § 32–1521(2) to mean there is a presumption that an employee's notice of injury to employer is timely."

This petition for review followed.

## II.

Dillon did not assert before the agency, nor does he before us, that he met the written notice requirements of § 32–1513(a) & (b).[3] Rather, he relies on § 32–

---

**2.** Preliminarily, the ALJ had found that Dillon met the statutory "presumption that [he] suffered an accidental injury" arising from his employment that was "medically causally related to that employment," and that WASA had "presented insufficient evidence to sever the presumption of compensability."

**3.** Section 32–1513 provides in part:
(a) Notice of any injury or death in respect of which compensation is payable under this chapter shall be given within 30 days after the date of such injury or death, or 30 days after the employee or beneficiary is aware or in the exercise of reasonable diligence should have been aware of a relationship between the injury or death and the employment. Such notice shall be given to the Mayor and to the employer.
(b) Such notice shall be in writing, shall contain the name and address of the em-

ployee and a statement of the time, place, nature, and cause of the injury or death, and shall be signed by the employee or by some person on his behalf, or, in case of death, by any person claiming to be entitled to compensation for such death or by a person on his behalf.
(c) Notice shall be given to the Mayor by delivering it to him or sending it by mail to him, and to the employer by delivering it to him or by sending it by mail addressed to him at his last known place of business. If the employer is a partnership, such notice may be given to any partner, or, if a corporation, such notice may be given to any agent or officer thereof upon whom legal process may be served or who is in charge of the business in the place where the injury occurred.

1513(d)(1), which provides that "[f]ailure to give such notice shall not bar any claim ... [i]f the employer ... or the carrier had knowledge of the injury ... and its relationship to the employment and ... the employer or carrier has not been prejudiced by failure to give such notice." Dillon concedes—and the parties from the start have litigated his claim on the assumption—that the "knowledge" by the employer which subsection (d)(1) requires is knowledge obtained within the same thirty-day period specified in subsection (a). We do not question that proposition here; rather "we take the case as we find it, and proceed for purposes of this appeal on the parties' common premise." *Dupree v. Jefferson*, 215 U.S.App. D.C. 43, 47 n. 24, 666 F.2d 606, 610 n. 24 (1981).[4]

■ In challenging the CRB's conclusion that he had not shown that WASA possessed actual knowledge of his injury, Dillon first argues that the Board erred in holding the statutory presumption of § 32–1521(2) inapplicable to the requirement of timely notice. We agree with Dillon on this point. Section 32–1521(2) states that "[i]n any proceeding for the enforcement of a claim for compensation ... it shall be presumed, in the absence of evidence to the contrary ... [t]hat sufficient notice of such claim has been given." Contrary to the CRB's belief, this court has addressed that presumption in relation to the timeliness requirement, albeit cryptically and without referring expressly to § 32–1521(2). In *Washington Hosp. Ctr. v. District of Columbia Dep't of Employment Servs.*, 859 A.2d 1058, 1061 (D.C. 2004), the court "note[d] that the [Workers'] Compensation Act incorporates a rebuttable presumption that claimant gave her employer notice of her injury in a timely fashion[,] in accordance with the humanitarian purposes of the Act." True, the court did not further discuss the presumption in holding that the agency's conclusion "that claimant gave timely notice [was] supported by substantial evidence," *id.* at 1063, but WASA does not maintain, much less explain why, the quoted language regarding the presumption was dictum. Nor is this court alone in having linked the presumption to the timeliness requirement. A federal court construing the similar presumption in § 920(b) of the Longshoremen's and Harbor Workers' Compensation Act has concluded that, in keeping with the requirement that the Act be "liberally construed in conformance with its purpose and in a way which avoids harsh and incongruous results[,] ... § 920(b) ... create[s] a presumption of timeliness under [the notice provision]." *Bath Iron Works Corp. v. United States Dep't of Labor*, 336 F.3d 51, 57 (1st Cir. 2003) (internal quotation marks and citation omitted).[5]

---

**4.** This court has not had occasion to decide whether subsection (d)(1) carries forward the thirty-day limitation of § 32–1513(a), although we note that in *Jimenez v. District of Columbia Dep't of Employment Servs.*, 701 A.2d 837, 840 (D.C.1997), the court quoted, without apparent disagreement, the hearing examiner's understanding there that "a claimant must provide employer with either actual (*i.e.*, oral) or formal (*i.e.*, written) notice of injury within thirty (30) days of its occurrence."

**5.** "Before 1980, persons employed in the District of Columbia were covered by workers' compensation under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901 *et seq*. In 1980, however, the Council of the District of Columbia enacted the District of Columbia Workers' Compensation Act ... which borrowed heavily from the LHWCA." *Pannell–Pringle v. District of Columbia Dep't of Employment Servs.*, 806 A.2d 209, 211–12 (D.C. 2002) (internal quotation marks and citations omitted). "The presumptions contained in both statutes are virtually identical. Compare 33 U.S.C. § 920[b] with D.C.Code § [32–1521(2) (2001)]. Given the similarity between

WASA asserts that there is a significant practical difference, that ought to be recognized, between giving "sufficient notice" of a claim and the timeliness with which it is given. It points out that even if information such as time, place, or nature of the injury has been omitted from the notice, timely notification enables the employer to investigate promptly and learn the omitted details by interviewing relevant parties, including the claimant, before memories have faded. Applying the presumption to the timeliness requirement, however, creates no realistic disincentive to filing timely notice, because the presumption operates only "in the absence of evidence to the contrary" and, once rebutted, "drops out of the case entirely," *Washington Post v. District of Columbia Dep't of Employment Servs.*, 852 A.2d 909, 911 (D.C.2004), leaving the burden on the employee to prove timely notice. Given the relatively modest shift in the burden of proof that the presumption entails, the absence of language in § 32–1521(2) expressly limiting its application to the contents of the notice and not timely submission of it, and our decision in *Washington Hosp. Ctr., supra.,* we agree with Dillon that he was entitled to the benefit of the presumption in determining whether WASA had timely notice of his injury.[6]

■ We proceed, then, to the evidence Dillon claims to have presented sufficient to invoke the presumption,[7] and the contrary evidence that WASA contends rebutted it. The parties do not dispute that Dillon's testimony that he notified supervisor Chapman and risk assessment manager Deleon of the injury within thirty days sufficed to raise the presumption. On the other hand, Dillon no longer disputes, see page 2, *supra,* that the contrary testimony of Chapman and Deleon on this point, which the ALJ credited over Dillon's, rebutted the presumption and, indeed, was substantial evidence supporting the ultimate finding that Dillon had not given WASA timely notice. So much is not in controversy before us.

■ Dillon argues, however, that the ALJ failed to apply the presumption to—indeed failed to weigh at all in the equation—two additional pieces of evidence that support his claim of notice.[8] First, he points to his testimony that he told another supervisor, Rigby, of the injury well within the thirty-day period. And he is correct that neither the ALJ nor the CRB mentioned that testimony in deciding that he had not given notice. In general, where an agency has failed to address and "make ... finding[s] on a material, con-

the two sections, cases interpreting § 920[b] are relevant and provide persuasive authority in interpreting § [32–1521(2)]. We note, however, there is one significant difference between D.C. Code § [32–1521] and 33 U.S.C. § 920. That is, the Council deleted 'substantial evidence' and inserted only 'evidence.'" *Dunston v. District of Columbia Dep't of Employment Servs.,* 509 A.2d 109, 111 n. 2 (D.C. 1986).

6. Both this court, and the District of Columbia Circuit Court construing The Longshoremen's Act, have concluded that the statutory presumption applies both to the written notice requirement and to the alternative provision for actual knowledge by the employer.

See *Howrey & Simon v. District of Columbia Dep't of Employment Servs.,* 531 A.2d 254, 256 n. 2 (D.C.1987); *Stevenson v. Linens of the Week,* 223 U.S.App. D.C. 1, 5–6, 688 F.2d 93, 97–98 (1982).

7. See *Washington Post,* 852 A.2d at 911 (to invoke the statutory presumption, a claimant "merely has to present some evidence" on the point in issue) (internal quotation marks omitted).

8. We find no record evidence to support Dillon's remaining argument that he gave timely notice to WASA or its carrier through his treating physician, Dr. Trent.

tested issue of fact, this court ... must remand the case for findings on that issue." *Jimenez, supra* note 4, 701 A.2d at 840 (citation omitted). We view that as the proper course here. On remand the ALJ must apply the statutory presumption to Dillon's testimony that he timely notified Rigby—a matter WASA contests— and decide whether the presumption has been rebutted and, if so, whether that testimony satisfied Dillon's burden of proving notice. *See Clark v. District of Columbia Dep't of Employment Servs.*, 772 A.2d 198, 204 (D.C.2001) (court remanded to agency where it could not "be confident that either [the hearing examiner or the Director on review] properly considered [certain] deposition testimony in coming to a decision").

■ We reach the same conclusion as to a second item of evidence. Dillon attempted to introduce in rebuttal an October 2003 leave slip he asserted he had given WASA, through Chapman, that bears check marks pointing to a job-related injury. The ALJ excluded the evidence because, though Dillon proffered it to contradict Chapman's denial that he had discussed the injury with Dillon before November 2003, Dillon had not impeached Chapman with it when he testified.[9] The CRB, however, took a different view of the matter. Although it "question[ed] why [Dillon] would hold back a piece of evidence to use only as rebuttal evidence" and acknowledged the ALJ's discretion to control "[t]he order in which evidence ... shall be presented," it further recognized, and applied, guiding agency precedent that "that discretion should only

be used to exclude evidence which is irrelevant, or whose probative value is substantially outweighed by the danger of unfair prejudice, or which confuses the issues, or which by consideration of undue delay leads to a waste of time or needless presentation of cumulative evidence." See J.A. at 11–12 (quoting *Williams v. Providence Hosp. & INA Ins.*, OHA No. 85–302, OWC No. 0045766 (March 1988)).[10] Applying this standard, the Board upheld exclusion of the October leave slip on grounds of relevance, stating:

> Given that the Act requires the written notice to include a statement of the time, place, nature and cause of injury, the Panel finds [that] this employer's [sic; employee's] leave slip, whether or not it contains check marks as to why he was requesting leave, ... *is not relevant to [the] issue of timely notice. See* D.C.Code § 32–1513(b)[;] *Jimenez v. District of Columbia Dep't of Employment Servs.*, 701 A.2d 837 (1997). (Court affirmed finding that a claimant's request for medical leave for corrective surgery ... did not establish claimant had complied with the statutory requirement of providing timely notice of his work-related injuries.) [Emphasis added.]

Ironically, in upholding exclusion of the leave slip on this ground, citing *Jimenez*, the Board committed error similar to the one that caused us to reverse and remand to the agency in that case. In *Jimenez*, the hearing examiner had relied partly on the employee's failure to "adhere[ ] to sev-

---

9. The relevant colloquy was:

> [Counsel for WASA]: The proper time [for Dillon] to have impeached Mr. Chapman would have been while he was testifying....
> [The ALJ]: I agree! Mr. Chapman was right here, sir.

10. The CRB further cited D.C.Code § 32–1525(a) in this regard: "In ... conducting a hearing the [ALJ] shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure ... but may ... conduct such hearing in such manner as to best ascertain the rights of the parties."

eral delineated formalities" in what is now § 32–1513(a) & (b), *see* 701 A.2d at 840, but had not considered whether that failure was forgiven by the provision, now § 32–1513(d)(2), allowing the agency to "excuse[ ] such failure on the ground that for some satisfactory reason ... notice could not be given." We remanded the case for application of that provision. Here, too, the CRB's finding of no "relevance" appears to have rested on the absence of information in the October leave slip meeting the "time, place, nature and cause of injury" requirements of § 32–1513(b), and ignored the knowledge provision of subsection (d)(1). Measured against the latter standard, the October leave slip was relevant evidence because, at least arguably, it informed WASA (through Chapman, who signed the slip approving the sick leave) of a recent job-related injury.[11]

Accordingly, as in *Jimenez,* we must remand the case to the Board, and through it to the ALJ, for consideration of the October leave slip in its bearing on knowledge by WASA under § 32–1513(d)(1). We express no view on the weight of that evidence or of Dillon's testimony concerning notice to Rigby; WASA, we note, maintains that the leave slip most likely related to an earlier—*i.e.,* pre-September 2003—injury suffered by Dillon, who had something of a history of such injuries. It is for the agency to consider these portions of the evidence, something it has not done so far, in deciding whether Dillon has met his burden of timely notice under the statute.

11. WASA does not dispute that the leave slip amounted to a business record sufficient to overcome hearsay objection (indeed, Dillon had acquired it for the hearing from WASA's attorney). WASA does argue that the CRB could refuse to consider the leave slip because Dillon had not had it marked as an exhibit at the hearing and made part of the record before the Board. But the CRB's decision, as we understand it, did not rest on that point; rather it assumed that the contents of the leave slip (which Dillon had appended to his brief) were as Dillon represented them to be, but upheld exclusion of the document on the ground—lack of relevance—we have discussed. As the CRB did not rule that Dillon had forfeited consideration of the document's contents, neither do we.

The decision of the CRB is reversed and the case is remanded for proceedings not inconsistent with this opinion.

*So ordered.*